VALENTINO CAIRO *vs.* SAYLES FINISHING PLANTS, INC.

MAY 23, 1957.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

CONDON, J. This is an employee's petition to adjudge his employer in contempt for its alleged failure to comply with the terms of a decree of the superior court in a workmen's compensation case. The petition was heard by a single commissioner of the workmen's compensation commission who entered a decree denying and dismissing the petition. The petitioner appealed therefrom to the full commission who heard the appeal on briefs and oral arguments, and thereafter filed a decision and entered a decree affirming the decree of the single commissioner. The case is here on the employee's appeal from the decree of the full commission.

It appears from the evidence that petitioner was receiving total compensation under a preliminary agreement until January 5, 1953 when a decree was entered in the superior court wherein it was found as a fact, first, that the employee was no longer totally incapacitated for work and, secondly, that he could do light work and that his performing such work would probably result in a full recovery from his incapacity in a short time.

In accordance with those findings it was ordered, adjudged and decreed that the employer "may suspend the

payment of compensation for total incapacity under the agreement" but the employee "is entitled to receive payment for partial incapacity" provided, however, that if the employer offered the employee "work that he can safely do as expressed in the opinion of Dr. Sage, all payment of compensation" to the employee "shall be suspended as of January 19," unless the employee undertakes in good faith to attempt to perform the work that was offered.

We construe such decree to mean that all compensation would be suspended as of January 19 when and if the employer offered suitable work which the employee was ordered to make a bona fide attempt to perform. In this respect the case is not like *Zielonka* v. *United States Rubber Co.*, 77 R. I. 167, and *Lichtenstein* v. *Parness*, 81 R. I. 135, cited by petitioner. In the case at bar when and if the employer offered such work it could cease further payments of compensation by virtue of the judicial determination of that matter and not merely of its own volition. No appeal from that decree was taken by the employee.

In accordance with the decree the employer offered the employee a job sitting down at a bench sorting rags from 7 a.m. to 4:30 p.m. In performing the work he could stand or sit. His forelady was instructed to require him to do no lifting. The employee did not report for work until 9 a.m. on January 19, 1953 and he asked permission to leave at 3 p.m. to get a ride home, which was granted. He never returned to work and did not give any reason for not returning except to telephone the employment manager the next day stating that he had a cold. But when he called for his wages on Thursday of the following week he said that he did not like the job. And when he was asked if he was going to return to work he merely shrugged his shoulders.

On the question whether he made a bona fide attempt to do the job, the employer's forelady who was in charge of the workroom where the employee was assigned to work

and the employer's employment manager testified to facts which if believed tended to prove that the employee definitely did not make such attempt. On the other hand the employee testified positively that the work was too hard for him. This conflict could be resolved only by the commission who are expressly made by the statute the final and exclusive triers of the facts. The commission have resolved such conflict in favor of the employer and it is clear from their decision that they placed no credit in the employee's testimony.

On the question whether the job was suitable, there is evidence that it was the lightest job in the plant; that the employee was not required to lift anything; that he could stand or sit in sorting the rags; and that it was light work of the kind that Dr. Louis A. Sage reported he could perform. As opposed to such evidence there is the testimony of the employee that the job was too hard and that the bundles of rags were much heavier than the forelady testified. This conflict was also for the commission to resolve and they have resolved it against the employee largely, it seems to us, because they did not credit his testimony. In any event it was a question of fact solely within their province to decide and not in any sense a question of law that we are authorized to determine in a case of this kind.

We have carefully examined the transcript and have been unable to find any question of law which requires our consideration. It is quite clear from all the evidence in the record that the commission was fully warranted in finding that the employer had complied with the decree of the court in providing the employee with suitable work on January 19, 1953, and therefore the employer was thereafter under no obligation to pay him compensation. Hence in our opinion the commission correctly refused to adjudge the employer in contempt.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded

to the workmen's compensation commission for further proceedings.

FLYNN, C. J., did not participate in the decision.

*Louis Kirshenbaum,* for petitioner.

*Worrell & Hodge, Paul H. Hodge,* for respondent.